

FILED

OCT 2 6 1992

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

WM. PATTERSON CASHILL, ESQ.
Calif. State Bar #075345
First Floor
290 South Arlington Avenue
Reno, Nevada  89501
Telephone:  (702) 323-3194

Attorney for Plaintiffs OAKLEAF


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


STEVEN OAKLEAF and REBECCA       )    NO.  CIV-S-92 814 WBS PAN
OAKLEAF,                         )
                                 )
          Plaintiffs,            )
                                 )    **FIRST AMENDED**
vs.                              )    **COMPLAINT FOR DAMAGES**
                                 )    **AND DEMAND FOR JURY TRIAL**
COUNTY OF SIERRA, CALIFORNIA;    )
SIERRA COUNTY SHERIFF'S          )
DEPARTMENT; SIERRA COUNTY        )
SOCIAL SERVICES DEPARTMENT;      )
ROB LEVY; JOE MOSELEY; STEVE     )
PETERSON; JUDY ATWOOD; RONALD    )
EICHER; ALBERT J. FOX; and       )
JAMES WIEGAND,                   )
                                 )
          Defendants.            )
_____)


### Introduction

1.   This is an action of law to redress the
deprivation under color of statute, custom or usage of a right,
privilege, and immunity secured to plaintiffs STEVEN OAKLEAF and
REBECCA OAKLEAF by the Fourth, Fifth, Sixth, and Fourteenth
Amendments to the Constitution of the United States and 42 U.S.C.

1

23

§ 1983, and arising under the laws and statutes of the State of California.

## Jurisdiction

2.    The jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331 and 1343(3), this being an action authorized by law to redress the deprivation under color of state law, statute, custom and usage of a right, privilege, and immunity secured to plaintiff STEVEN OAKLEAF and REBECCA OAKLEAF by the Fourth, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States.  This Court has jurisdiction over claims arising under the common law or under state law pursuant to the doctrine of pendant jurisdiction.

## Parties

3.    During all times mentioned in this Complaint, plaintiffs were and still are a citizen of the United States and resided at 60 Hill Street, No. 6, Loyalton, Sierra County, California, at the times mentioned in this Complaint.

4.    Defendants ROB LEVY, JOE MOSELEY, STEVE PETERSON, and JUDY ATWOOD were, at all times material to this Complaint, employees of the County of Sierra, California.  At all times material to this Complaint, these defendants acted toward plaintiffs under color of the statutes, ordinances, customs and usage of the State of California, County of Sierra, the Sierra County Sheriff's Department, and the Sierra County Department of Social Services.

2

5.   Defendants RONALD EICHER, ALBERT J. FOX, and JAMES WIEGAND were, at all times material to this Complaint, duly appointed investigators of the Department of Justice of the State of California.  At all times material to this Complaint, these defendants acted toward plaintiffs under color of the statutes, ordinances, customs and usage of the State of California.

6.   Plaintiffs sue all defendants in both their individual and representative capacities.

### FIRST CLAIM FOR RELIEF - AGAINST SIERRA COUNTY, MOSELEY, PETERSON, and ATWOOD

(False Arrest)

7.   Plaintiffs repeat and reallege paragraphs 1 through 6 as if set forth in full herein.

8.   On or about May 26, 1991, at approximately 5:40 p.m., Mrs. OAKLEAF asked her husband to wake up their two and one-half month old daughter, TABITHA OAKLEAF.  When Mr. OAKLEAF went to wake up their daughter, he discovered their daughter was not breathing.  Mr. OAKLEAF immediately called 9-1-1.

9.   Shortly thereafter, two Sheriff Deputies Levy, Moseley, and Peterson, two paramedics, and Social Worker Atwood arrived at the OAKLEAF home and found the baby to be dead. Plaintiffs were detained without cause by the Sierra County Sheriff's officers in a back bedroom along with their two-year old son.  Atwood informed plaintiffs that she intended to place plaintiffs' son in a foster home.  Plaintiffs refused to allow their son to be taken from them.  Upon the  arrival of the Sheriff's officers, plaintiffs were detained in, then forcibly

removed from, their home, and, without probable cause, taken into custody.  Despite being detained and being placed under _de facto_ arrest, plaintiffs were not, at any time, advised of their constitutional rights per _Miranda_.

10.  At approximately 1744 hours, plaintiffs' daughter was pronounced dead.  Plaintiffs' daughter's body remained on the premises for seven and one-half hours, during which time plaintiffs, while in custody and not free to leave, were repeatedly interrogated concerning the death of their baby. While in custody, plaintiffs were interrogated separately, together, in the home and outside the home.

11.  Plaintiffs' daughter's body was removed from the home at 0015 hours on May 27, 1991.

12.  At approximately 2000 hours, defendants Levy, Moseley, and Peterson informed plaintiffs that they were not allowed to stay in their home and forcibly removed them.  Social Worker Atwood again informed plaintiffs' that their son should be placed in a foster home.  Plaintiffs again refused.

13.  At approximately 2000 hours (8:00 p.m.), on May 26, 1991, defendants forced plaintiffs to vacate their home. Also, at that time, defendant Moseley informed plaintiffs that they could remove nothing from their home.

14.  Plaintiffs were then taken by the Sierra County Sheriff's Office to the Golden West Motel in Loyalton, where they were confined, at county expense, for the night.

4

15.   In arresting, detaining, and interrogating plaintiffs, the defendants knew or should have known they were violating those constitutional rights set forth above.

16.   During the course of the interrogation of the plaintiffs by the defendants, defendants conducted repeated illegal searches of plaintiffs' home.  Neither before, during, nor after these searches, did the defendants have permission from the plaintiffs to conduct any search.

17.   As a direct and proximate result of the aforesaid acts of the defendants, and each of them, plaintiffs have suffered great mental anguish, from then until now, and will continue to so suffer in the future; and they have lost and will in the future economic losses by reason of their incarceration and having been greatly humiliated and held up to public scorn and derision as a result of the foregoing acts of the defendants.

18.   Plaintiffs have been forced to retain the services of counsel and are entitled to their reasonable attorney's fees and costs.

### SECOND CLAIM FOR RELIEF - AGAINST ALL DEFENDANTS

(Unlawful Search and False Imprisonment)

19.   Plaintiffs repeat and reallege paragraphs 1 through 18 as if set forth in full herein.

20.   On or about May 26, 1991, in the County of Sierra, defendants falsely, unlawfully and wrongfully, with force and without plaintiffs' consent and against their will, imprisoned

5

plaintiffs as aforementioned and deprived them of their liberty
from 5:30 p.m. on May 26, 1991, to 9:00 a.m. on May 27, 1991.

21.   At no time did defendants inform plaintiffs that
defendants intended to search their home, or that defendants
intended to seek a search warrant.  At no time did defendants
seek plaintiffs' consent to a search of their home.

22.   Plaintiffs are informed and believe, and therefore
allege, that at all times relevant the Sierra County Sheriff's
Deputies, Levy, Moseley, and Peterson, were in contact with the
State of California, Department of Justice, and that the acts of
the Sierra County Sheriff's Deputies were committed at the
direction of, or with the approval of Eicher, Fox and Wiegand or
their superiors.

23.   Between 2224 hours and 2336 hours, Agents Eicher
and Fox and Criminologist Wiegand arrived on the scene and
thereafter participated in the illegal search of the plaintiffs'
residence.  At all times relevant EICHER, FOX and WIEGAND held
themselves out as experts in criminal procedure and crime scene
investigation.  Moreover, defendants EICHER, FOX and WIEGAND
ratified and approved the prior unlawful detention, imprisonment
and interrogation of the plaintiffs which the remaining
defendants had accomplished earlier in the evening.   At no point
did EICHER, FOX and WIEGAND protest the manner in which the
plaintiffs were being subjected to the violation of their Fourth,
Fifth, or Sixth Amendment rights; nor did they prevent any such
violation from occurring or continuing, nor did they at any time

6

properly advise plaintiffs of their rights or enable plaintiffs to free themselves from custody.

24.   Shortly after 2200 hours (11:00 p.m.), on May 26, 1991, Mr. OAKLEAF was permitted to return to their home.  Again, Mr. OAKLEAF was detained and interrogated by the defendants.

25.   On Monday, May 27, 1991, at approximately 0900 hours (9:00 a.m.), the plaintiffs returned to their home.  Upon entering their home, the plaintiffs discovered the entire premises had been searched, including drawers, cabinets, clothing, closets, bedding, and all their property.

26.   Plaintiffs attempted to find out information on the whereabouts of their daughter's body but were only informed that the body had been removed to Washoe County, Nevada, for an autopsy.

27.   On Tuesday, May 28, 1991, plaintiffs were informed by the Sierra County Sheriff's Office that the autopsy had been performed and the results showed that their daughter died of Sudden Infant Death Syndrome (SIDS).

28.   Plaintiffs believe, and on such belief allege, that defendants ROB LEVY, JOE MOSELEY, STEVEN PETERSON, RONALD EICHER, ALBERT FOX, and JAMES WIEGAND took an active role in the investigation of the death of TABITHA OAKLEAF.

29.   As part of their investigation of the death of TABITHA OAKLEAF, defendants JOE MOSELEY, ROB LEVY, and STEVE PETERSON caused plaintiffs to be detained, taken into their custody, incarcerated, and interrogated, without probable cause

7

to believe they had committed a crime, in an attempt to secure evidence against them.  Further, each of the defendants, without probable cause and without a warrant, illegally searched the plaintiffs' home.

30.  The defendants individually and collectively knew at the time of the detention of the plaintiffs of the existence of no evidence which would lead a reasonable person to believe that a crime had been committed or that plaintiffs had committed a crime.  In fact, defendants brought no charges against plaintiffs.

31.  The defendants individually and collectively knew at the time of the detention of the plaintiffs that the physical evidence collected in connection with the charges brought against plaintiffs was inconsistent with their guilt.

32.  At all times relevant the defendants, and each of them, acted under color of state law, but acted wilfully, despicably, maliciously, or oppressively, or with wanton and willful disregard for the rights of the plaintiffs and with the intent to deprive plaintiffs of their right to freedom  from illegal seizure of their person, freedom from unlawful arrest without evidence in support thereof, and freedom from illegal detention and imprisonment.  All of these rights are secured to plaintiffs by the provisions of the due process clause of the Fifth and Fourteenth Amendments to the Constitution of the United States and by 42 U.S.C. § 1983.

8

33.   By reason of the above, plaintiffs' reputation has been greatly injured and they have been brought into public scandal, disrepute, and disgrace, and have been greatly hindered and prevented from following and transacting their affairs and business, and have suffered great emotional trauma and harm, all to their damage as alleged above.

### THIRD CLAIM FOR RELIEF - AGAINST ALL DEFENDANTS

#### (Negligence)

34.   Plaintiffs repeat and reallege paragraphs 1 through 33 as if set forth in full.

35.   Defendants, and each of them, owed to plaintiffs a duty of care which included the duty to refrain from conducting unlawful searches, making illegal arrests, and taking any action without probable cause.

36.   Defendants breached their duty to plaintiffs as aforesaid.

37.   As a direct and proximate result of the acts of the defendants, plaintiffs were damaged as aforesaid.

### FOURTH CLAIM FOR RELIEF - AGAINST ALL DEFENDANTS

#### (Intentional Infliction of Emotional Harm)

38.   Plaintiffs repeat and reallege paragraphs 1 through 37 as if set forth in full.

39.   Defendants acted willfully, maliciously, and intentionally or acted with reckless disregard so as to cause plaintiffs to suffer extreme and severe harm by their outrageous acts of arresting and detaining plaintiffs without probable

1  cause; by unlawfully searching their home; by causing plaintiffs

2  to remain in the presence of their deceased daughter's body for

3  hours after the baby died; and by subjecting plaintiffs to the

4  scorn and ridicule of their neighbors whom defendants led to

5  believe that plaintiffs had committed a crime or had by some

6  manner or means caused their daughter's death.

7       Based on the foregoing, plaintiffs demand judgment

8  against defendants, and each of them, as follows:

9       1.    For compensatory damages in an amount in excess of

10  $50,000;

11       2.    For punitive damages in an amount in excess of

12  $50,000;

13       3.    For attorney's fees and costs of suit per 42

14  U.S.C. §1988; and

15       4.    For such other and further relief as the Court may

16  deem appropriate.

17       DATED this 22nd day of October , 1992.

18

19

20       WM. PATTERSON CASHILL, ESQ.
     Attorney for Plaintiffs

21

22

23

24

25

26

27

28       10

## CERTIFICATE OF SERVICE BY MAIL

Pursuant to FRCP 5(b), I certify that I am an employee WM. PATTERSON CASHILL, Attorney and Counsellor at Law, and that on this date I deposited for mailing at Reno, Nevada, a true copy of the foregoing addressed to:

        Terence J. Cassidy, Esq.
        PORTER, SCOTT, WIEBERG & DELEHANT
        350 University Avenue, Suite 200
        Post Office Box 255428
        Sacramento, CA  95865


        Daniel E. Lundgren, Attorney General
            of the State of California
        Darryl L. Doke, Supervising
            Deputy Attorney General
        Thomas D. McCrackin, Deputy Attorney
            General
        1515 K Street, Suite 511
        P.O. Box 944255
        Sacramento, CA  94244-2550


DATED:  This *23rd* day of *October*, 1992.